UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JEFFREY ALTIZER,

Plaintiff,

vs.                                              Case No.:

NCO FINANCIAL SYSTEMS, INC.,

Defendant.

_____/

## COMPLAINT

1.      Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C.

1692 et seq. ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat.  559.55 et

seq. ("FCCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant

to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection

Practices Act, Fla. Stat. 559.55 et seq.

3.      This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of

Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to

collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

PARTIES

5.      Plaintiff, JEFFREY ALTIZER, is a natural person who resides in the City of Coral Springs, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant NCO FINANCIAL SYSTEMS, INC. (hereinafter "Defendant NCO") is a collection agency operating from an address of 507 Prudential Road, Horsham, Pennsylvania 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant NCO regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant NCO regularly collects or attempts to collect debts for other parties.

9.      Defendant NCO was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

FACTUAL ALLEGATIONS

10.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

<u>COLLECTION CALLS</u>

13.     In or about July, 2010, Defendant NCO's collectors contacted Plaintiff by telephone multiple times in an effort to collect this debt, which were "communications" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

14.     During these July, 2010 calls, Defendant NCO left voice mails, identifying themselves as debt collectors.

<u>SUMMARY</u>

15.     All of the above-described collection communications made to Plaintiff by Defendant NCO, and collection employees employed by Defendant NCO, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(1), 1692b(3),1692d, and 1692d(5).

16     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts.

17.     Defendant's repeated disclosures of Plaintiff's indebtedness to third parties were invasions of his privacy and their right to financial privacy.

<u>TRIAL BY JURY</u>

18.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

19.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.    The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

21.    As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY
## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

22.    Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

23.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

24.     Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.   15 U.S.C. § 6801(a) (emphasis added).

25.     Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

26.     Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

27.     Defendant disclosed Plaintiff's alleged indebtedness to third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

28.     Defendant and its agents intentionally and/or negligently caused emotional harm to this Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon this Plaintiff's rights to privacy.

29.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

30.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

<u>COUNT 3</u>

<u>TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING</u>

31.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass in violation of 15 U.S.C. 1692d(5).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

<u>COUNT 4</u>

<u>VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>

32.     Defendant disclosed Plaintiff's alleged indebtedness to third parties.  Defendant knew or had reason to know that the third parties did not have a legitimate need for the information.

33.     As a result of the Defendant's improper disclosures to a third party, Plaintiff's reputation has been affected.

WHEREFORE, Plaintiff request that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

6

A)    Damages and

B)    Attorneys' fees and costs.


## COUNT 5

## VIOLATION OF SECTION 559.72 (7) OF THE CONSUMER COLLECTION PRACTICES ACT

34.    Defendant communicated with the debtor on such a frequent basis that it could be reasonably expected to harass the debtor.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  July 21, 2010                    Respectfully submitted,


                                         /s Andrew I. Glenn_____
                                         Andrew I. Glenn
                                         E-mail:  AGlenn@cardandglenn.com
                                         Florida Bar No.:  577261
                                         J. Dennis Card, Jr.
                                         E-mail:DCard@cardandglenn.com
                                         Florida Bar No.  0487473
                                         Card & Glenn, P.A.
                                         2501 Hollywood Boulevard, Suite 100
                                         Hollywood, Florida 33020
                                         Telephone:  (954) 921-9994
                                         Facsimile:   (954) 921-9553
                                         Attorneys for Plaintiff